IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEZLIE M. CARDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-1222-D |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 21] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Purcell recommends the reversal of a final decision of the Commissioner denying Plaintiff's applications for disability insurance and supplemental security income benefits. Defendant has filed a timely objection. Thus, the Court must make a *de novo* determination of the issues raised by the objection, and may accept, modify or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Defendant does not disagree with Judge Purcell's summary of the administrative proceedings, the medical record, the Commissioner's decision, or the legal standards governing judicial review. Defendant has waived further review of these portions of the

Report.  *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Briefly stated, the administrative law judge ("ALJ") found in the sequential analysis as follows:  Plaintiff has severe impairments of obesity, degenerative disc disease of the lumbar spine, fibromyalgia, high blood pressure, migraines, sleep apnea, and depression; these impairments do not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; Plaintiff has the residual functional capacity to perform less than a full range of light work, as further described in the ALJ's decision (R. 28); but Plaintiff is able to perform her past relevant work.  The Appeals Council denied review.  On appeal to this Court, Plaintiff presents the following arguments for reversal of the Commissioner's decision:  1) the ALJ did not properly evaluate Plaintiff's ability to perform her past relevant work; 2) the ALJ did not properly evaluate the opinion of a treating physician, Donald Adams, M.D.; and 3) the ALJ did not properly evaluate Plaintiff's credibility.

Judge Purcell addresses each of these issues in his Report.  As pertinent here, Judge Purcell finds that Plaintiff's argument regarding the treating physician rule has merit because the ALJ did not explain why Dr. Adams' opinion was discounted and how "some weight" (R. 31) was given.  *See* R&R [Doc. No. 21] at 13-14.  Judge Purcell also finds that the ALJ did not adequately explain his credibility assessment of Plaintiff's subjective complaints of disabling pain and fatigue.  *Id*. at 15.  Judge Purcell thus concludes that the ALJ's decision was affected by legal error, and it should be reversed and remanded for a proper analysis and further administrative proceedings.

In the Objection, Defendant disagrees with Judge Purcell's finding that the ALJ did not comply with the treating physician rule and did not adequately assess Plaintiff's credibility. The Commissioner provides an explanation of why parts of Dr. Adams' opinion could properly be discounted, and argues that the ALJ's assessment is adequately explained "elsewhere in the decision than where the ALJ expressly discussed Dr. Adams' opinion." *See* Def.'s Obj. [Doc. No. 22] at 3. The Commissioner also contends the ALJ "reasonably assessed Plaintiff's subjective symptoms" and "Plaintiff failed to meet her burden to show reversible error in this regard." *Id*. at 3-4.

Upon *de novo* consideration, the Court finds that the ALJ did not adequately comply with the treating physician rule nor adequately explain his credibility assessment and, therefore, a remand is warranted. *See Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1177 (10th Cir. 2014) (remand is necessary if ALJ fails to explain weight assigned to treating physician's opinion and reasons for discounting it); *see also Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). The Commissioner provides a cogent explanation of why the ALJ could have properly discounted parts of Dr. Adams' opinion and given greater weight to the opinions of state agency consultants. The Commissioner also explains why the ALJ could have properly discounted Plaintiff's credibility. These arguments constitute prohibited post hoc rationalizations of what the ALJ might have meant by conclusory statements in her written decision. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *see also Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming [the district court's] post hoc effort to salvage the ALJ's decision would require

us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.") The Court agrees with Judge Purcell that the ALJ did not sufficiently explain her decision to discount the opinion of Plaintiff's treating physician, and that the ALJ relied on facts in assessing Plaintiff's credibility that did not necessarily undermine Plaintiff's complaints of disabling pain and fatigue.

The Commissioner's overarching objection is that a reversal is not warranted because "there is substantial evidence of record to support the [ALJ's] decision that Plaintiff did not meet the disability requirements of the Act." *Id.* at 7. As correctly argued by Plaintiff, however, this is not the proper test.[1] Courts must "independently review the Commissioner's decision to determine whether it is free from legal error <u>and</u> supported by substantial evidence." *Krauser*, 638 F.3d at 1326 (emphasis added); *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (legal deficiency in ALJ's analysis requires remand for necessary findings). Plaintiff has shown that the ALJ did not provide a legally required analysis, and therefore, the case must be remanded for the ALJ to conduct a proper inquiry in the first instance.

For these reasons, the Court finds that the Commissioner's decision should be reversed and remanded for further administrative proceedings consistent with the Report and Recommendation, and with this Order.

---

[1] Plaintiff filed a response to the Objection as authorized by Fed. R. Civ. P. 72(b)(2).

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 21] is ADOPTED in its entirety as though fully set forth herein. The Commissioner's decision is REVERSED, and the case is REMANDED for further administrative proceedings. A separate judgment shall be entered.

IT IS SO ORDERED this 20th day of October, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE