IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEZLIE M. CARDWELL, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1222-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
|       Defendant. | ) | |

# ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. No. 26]. Defendant has filed an Objection [Doc. No. 27], and the time period for filing a reply brief has expired.

Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,188.70 for 36.7 hours of legal work performed by her attorney in this case. Plaintiff is the prevailing party in this action under the Social Security Act, 42 U.S.C. § 405(g), by virtue of the Judgment entered October 20, 2017. The Court reversed the decision of the Commissioner and remanded the matter for further administrative proceedings consistent with the magistrate judge's Report and Recommendation. No appeal was taken, and the Judgment is now final.

Defendant opposes Plaintiff's Motion only on the ground that the Commissioner's position in this case was substantially justified.[1] "Under the EAJA, the government bears

---

[1] Defendant does not challenge the timeliness of the Motion or the reasonableness of the amount of attorney fees claimed by Plaintiff.

the burden of showing that its position was substantially justified." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991); *see Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) ("Commissioner had the burden of proof to show that her position was substantially justified"). To carry its burden, "the government must prove that its case had a reasonable basis in law and in fact. The term 'substantially justified' has been defined as 'justified . . . to a degree that could satisfy a reasonable person.'" *Estate of Smith*, 930 F.2d at 1501 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (citation omitted); *see Hackett*, 475 F.3d at 1172. Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992); *see Hackett*, 475 F.3d at 1172.

Upon consideration of the law, the case record, and the arguments of the parties, the Court finds: (1) the Commissioner's position in the case was not substantially justified; (2) Plaintiff is entitled to an award of attorney's fees under EAJA, 28 U.S.C. § 2412(d); and (3) the requested amount is reasonable. In making these findings, the Court has carefully considered Defendant's arguments, which are largely "reiterations of her previous positions." *See* Def.'s Obj. at 9.[2] The government argues, correctly, that the Court found these arguments to be cogent explanations of why the administrative law judge ("ALJ") could have reached findings adverse to Plaintiff on the relevant issues. *See id.* at 8. Defendant fails to acknowledge, however, that the Court reversed and

---

[2] In fact, Defendant repeats almost verbatim arguments presented in her Objection to Report and Recommendation [Doc. No. 22] at pages 1-5.

remanded the case because "[t]hese arguments constitute[d] post hoc justifications of what the ALJ might have meant by conclusory statements in her written decision." *See* 10/20/17 Order [Doc. No. 24] at 3. The Court also found that Defendant's "overarching" argument ignored the real issue presented, which was the ALJ's failure to "provide a legally required analysis" and "to conduct a proper inquiry in the first instance." *Id*. at 4. Thus, the Court rejects Defendant's view of her litigation position, and finds that Defendant has failed to carry her burden to show that her position was reasonable in law and in fact.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees [Doc. Nos. 26] is GRANTED. The Court orders an award of attorney fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $7,188.70. Should an additional fee award under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorney shall refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 12th day of February, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE